# EXHIBIT B2

## Nov. 7, 2017 Defendants' Objections & Responses to Plaintiffs' Requests for Admissions

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE:<br><br>MIRENA IUS LEVONORGESTREL-RELATED PRODUCTS LIABILITY LITIGATION (NO. II)<br><br>*This Document Relates To All Actions* | : | 17-MD-2767 (PAE)<br>17-MC-2767 (PAE) |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR ADMISSIONS NOS. 1, 18, 19, 20, 21 & 23 DIRECTED TO DEFENDANTS**
**BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER OY AND BAYER PHARMA AG**

Pursuant to the Court's rulings regarding discovery to be conducted in this litigation and Federal Rules of Civil Procedure 26, and 36, Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer Oy, and Bayer Pharma AG (collectively referred to as "The Bayer Defendants") submit the following responses and objections to Plaintiffs' Requests for Admissions Numbers 1, 8, 19, 20, 21, and 23.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Admit that you have not performed any epidemiological studies to determine whether there is a causal association between levonorgestrel and PTC/IH.

**RESPONSE:** Subject to the objections and clarifications below, the Bayer Defendants admit that they have not created their own specific epidemiological study protocol to measure whether there is an association between the use of the Mirena® ("Mirena") and the medical condition Idiopathic Intracranial Hypertension, but deny the reminder of this Request.

**Objection based on scope of products at issue:** The Court has already ruled as to the scope of permissible discovery as it relates to non-Mirena levonorgestrel-containing or

levonorgestrel-releasing products. *See* 7/27/17 CMC Trans. at 56:19-57:15 (denying Plaintiffs' request for discovery of products not at issue in this case as disproportionate and highly burdensome) and 10/24/17 CMC Trans. at 25:18-24 and 76:21–77:9. This Request for Admission, as phrased, seeks information not limited to Mirena and thus violates this Court's ruling and the general requirements that discovery be limited to relevant information and be proportional to the needs of the case. *See* FED. R. CIV. P. 26(b); *see also In re Abilify Prods. Liab. Litig*., 2017 U.S. Dist. LEXIS 161660, at *25-26 (N.D. Fla. Sep. 29, 2017) (denying Plaintiffs' request for discovery regarding other drugs in the same class because "information regarding other drugs is irrelevant and not proportional to the needs of the case.").

**Objection as to definition of disease state:** The Bayer Defendants further object to this Request for Admission because Plaintiffs' definition of PTC/IIH is vague and ambiguous. Plaintiffs define "PTC/IIH" as "the condition known by many names, *including but not limited to*: pseudotumor cerebi, pseudotumor cerebri syndrome, benign intracranial hypertension, idiopathic intracranial hypertension, medication-induced intracranial hypertension, secondary intracranial hypertension, and increased intracranial hypertension." *See* Plaintiffs' First Set of Interrogatories and Requests for Admissions to Defendants Bayer HealthCare Pharm. Inc., Bayer Oy and Bayer AG at p. 2 (emphasis added). PTC/IIH is the clinical syndrome of raised intracranial pressure, in the absence of space-occupying lesions or vascular lesions, without enlargement of the cerebral ventricles, for which no causative factor can be identified. Plaintiffs' request for Bayer to admit a term regarding a condition known by many [undefined] names, including but not limited to only certain named conditions, is vague, ambiguous, and fails to describe the information sought with reasonable particularity.

**Objection as to definition of responding parties**: The Bayer Defendants further object to the Plaintiffs' definition of "you" as overly broad and impermissibly vague. Plaintiffs define

"you" as referring to "Defendants in MDL 2767, *including but not limited to* Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, and Bayer OY, *and all parent entities, all subsidiary entities, all related companies, all successors in interest, all predecessors in interest, and their employees, agents, consultants, and any other persons acting at their request or on their behalf.* As used herein, 'you' and 'your' shall also refer to Leiras Oy, *Hutamaki Oy*, Berlex Laboratories Inc. *and all parent entities, all subsidiary entities, all related companies, all successors in interest, all predecessors in interest, and their employees, agents, consultants, and any other persons acting at their request or on their behalf.*" *See* Plaintiffs' First Set of Interrogatories and Requests for Admissions to Defendants Bayer HealthCare Pharm. Inc., Bayer Oy and Bayer AG at p. 1-2 (emphasis added). The Bayer Defendants base these objections, in part, on the fact that Plaintiff's definitions include foreign entities and employees and agents of entities that have not been properly served in this case (Hutamaki Oy) and would require the production of information and/or documents that could violate other countries' privacy and procedural rules. Further, Plaintiffs' definition including agents, consultants, and any other persons acting at their request or on their behalf, as phrased, invades the attorney-client privilege, the attorney work-product doctrine, the consulting witness privilege and potentially other applicable privileges, immunities, and/or exemptions from discovery. The Bayer Defendants have answered on behalf of the defendants properly named and served in this litigation.

**Objections as to specific terms:** The Bayer Defendants further object to this Request for Admission because the words "perform" and "epidemiological studies" in this Request are vague, ambiguous and undefined, and object to the Request for Admission as improper and argumentative because it suggests that an epidemiological study can determine causation as opposed to just association. The Bayer Defendants have answered in a manner to address these infirmities.

**REQUEST FOR ADMISSION NO. 18:** Admit that levonorgestrel binds to the progesterone receptor ("PR").

**RESPONSE:**

Subject to the objections and clarifications below, the Bayer Defendants admit that levonorgestrel has been shown to bind to progesterone receptors in *in vitro* studies of certain animal and/or human tissue models.

**Objection based on scope of products at issue:** The Court has already ruled as to the scope of permissible discovery as it relates to non-Mirena levonorgestrel-containing or levonorgestrel-releasing products. *See* 7/27/17 CMC Trans. at 56:19-57:15 (denying Plaintiffs' request for discovery of products not at issue in this case as disproportionate and highly burdensome) and 10/24/17 CMC Trans. at 25:18-24 and 76:21–77:9. This Request for Admission, as phrased, seeks information not limited to Mirena and thus violates this Court's ruling and the general requirements that discovery be limited to relevant information and be proportional to the needs of the case. *See* FED. R. CIV. P. 26(b); *see also In re Abilify Prods. Liab. Litig.*, 2017 U.S. Dist. LEXIS 161660, at *25-26 (N.D. Fla. Sep. 29, 2017) (denying Plaintiffs' request for discovery regarding other drugs in the same class because "information regarding other drugs is irrelevant and not proportional to the needs of the case.").

**Objection as to vagueness of definition of binding models:** The binding affinity of levonorgestrel is exceedingly complex and varies based on a variety of factors that may influence or change the result, including, but not limited to the assay used, the animal model, tissue type, or the cell line used in binding affinity testing. The Bayer Defendants thus object to this simplistic formulation to the extent Plaintiffs' request fails to identify conditions related to receptor binding

which may influence or change the result, but the Bayer Defendants have attempted to answer in good faith based on the overly simplistic formulation presented.

**REQUEST FOR ADMISSION NO. 19:** Admit that levonorgestrel binds to the glucocorticoid receptor ("GR").

**RESPONSE:**

Subject to the objections and clarifications below, the Bayer Defendants admit that levonorgestrel has been shown to bind to the glucocorticoid receptor in *in vitro* studies of certain animal and/or tissue modules.

**Objection based on scope of products at issue:** The Court has already ruled as to the scope of permissible discovery as it relates to non-Mirena levonorgestrel-containing or levonorgestrel-releasing products. *See* 7/27/17 CMC Trans. at 56:19-57:15 (denying Plaintiffs' request for discovery of products not at issue in this case as disproportionate and highly burdensome) and 10/24/17 CMC Trans. at 25:18-24 and 76:21–77:9. This Request for Admission, as phrased, seeks information not limited to Mirena and thus violates this Court's ruling and the general requirements that discovery be limited to relevant information and be proportional to the needs of the case. *See* FED. R. CIV. P. 26(b); *see also In re Abilify Prods. Liab. Litig*., 2017 U.S. Dist. LEXIS 161660, at *25-26 (N.D. Fla. Sep. 29, 2017) (denying Plaintiffs' request for discovery regarding other drugs in the same class because "information regarding other drugs is irrelevant and not proportional to the needs of the case.").

**Objection as to vagueness of definition of binding models:** The binding affinity of levonorgestrel is exceedingly complex and varies based on a variety of factors that may influence or change the result, including, but not limited to the assay used, the animal model, tissue type, or the cell line used in binding affinity testing. The Bayer Defendants thus object to this simplistic

formulation to the extent Plaintiffs' request fails to identify conditions related to receptor binding which may influence or change the result, but the Bayer Defendants have attempted to answer in good faith based on the overly simplistic formulation presented.

**REQUEST FOR ADMISSION NO. 20:** Admit that levonorgestrel binds to the mineralocorticoid receptor ("MR").

**RESPONSE:**

Subject to the objections and clarifications below, the Bayer Defendants admit that levonorgestrel has been shown to bind to the mineralocorticoid receptor in *in vitro* studies of certain animal and/or human tissue models.

**Objection based on scope of products at issue:** The Court has already ruled as to the scope of permissible discovery as it relates to non-Mirena levonorgestrel-containing or levonorgestrel-releasing products. *See* 7/27/17 CMC Trans. at 56:19-57:15 (denying Plaintiffs' request for discovery of products not at issue in this case as disproportionate and highly burdensome) and 10/24/17 CMC Trans. at 25:18-24 and 76:21–77:9. This Request for Admission, as phrased, seeks information not limited to Mirena and thus violates this Court's ruling and the general requirements that discovery be limited to relevant information and be proportional to the needs of the case. *See* FED. R. CIV. P. 26(b); *see also In re Abilify Prods. Liab. Litig.*, 2017 U.S. Dist. LEXIS 161660, at *25-26 (N.D. Fla. Sep. 29, 2017) (denying Plaintiffs' request for discovery regarding other drugs in the same class because "information regarding other drugs is irrelevant and not proportional to the needs of the case.").

**Objection as to vagueness of definition of binding models:** The binding affinity of levonorgestrel is exceedingly complex and varies based on a variety of factors that may influence or change the result, including, but not limited to the assay used, the animal model, tissue type, or

the cell line used in binding affinity testing. The Bayer Defendants thus object to this simplistic formulation to the extent Plaintiffs' request fails to identify conditions related to receptor binding which may influence or change the result, but the Bayer Defendants have attempted to answer in good faith based on the overly simplistic formulation presented.

**REQUEST FOR ADMISSION NO. 21:** Admit that levonorgestrel binds to the androgen receptor ("AR").

**RESPONSE:**

Subject to the objections and clarifications below, the Bayer Defendants admit that levonorgestrel has been shown to bind to the androgen receptor in *in vitro* studies of certain animal and/or tissue models.

**Objection based on scope of products at issue:** The Court has already ruled as to the scope of permissible discovery as it relates to non-Mirena levonorgestrel-containing or levonorgestrel-releasing products. *See* 7/27/17 CMC Trans. at 56:19-57:15 (denying Plaintiffs' request for discovery of products not at issue in this case as disproportionate and highly burdensome) and 10/24/17 CMC Trans. at 25:18-24 and 76:21–77:9. This Request for Admission, as phrased, seeks information not limited to Mirena and thus violates this Court's ruling and the general requirements that discovery be limited to relevant information and be proportional to the needs of the case. *See* FED. R. CIV. P. 26(b); *see also In re Abilify Prods. Liab. Litig*., 2017 U.S. Dist. LEXIS 161660, at *25-26 (N.D. Fla. Sep. 29, 2017) (denying Plaintiffs' request for discovery regarding other drugs in the same class because "information regarding other drugs is irrelevant and not proportional to the needs of the case.").

**Objection as to vagueness of definition of binding models:** The binding affinity of levonorgestrel is exceedingly complex and varies based on a variety of factors that may influence

or change the result, including, but not limited to the assay used, the animal model, tissue type, or the cell line used in binding affinity testing. The Bayer Defendants thus object to this simplistic formulation to the extent Plaintiffs' request fails to identify conditions related to receptor binding which may influence or change the result, but the Bayer Defendants have attempted to answer in good faith based on the overly simplistic formulation presented.

**REQUEST FOR ADMISSION NO. 23:** Admit that levonorgestrel decreases SHBG available within a woman's body.

**RESPONSE:**

Subject to the objections and clarifications below, the Bayer Defendants admit that studies of Mirena demonstrate that women using Mirena alone will have an initial slight decrease (approximately 20-30%) in their SHBG concentrations. Those concentrations will plateau and slightly increase thereafter.

**Objection based on scope of products at issue:** The Court has already ruled as to the scope of permissible discovery as it relates to non-Mirena levonorgestrel-containing or levonorgestrel-releasing products. *See* 7/27/17 CMC Trans. at 56:19-57:15 (denying Plaintiffs' request for discovery of products not at issue in this case as disproportionate and highly burdensome) and 10/24/17 CMC Trans. at 25:18-24 and 76:21–77:9. This Request for Admission, as phrased, seeks information not limited to Mirena and thus violates this Court's ruling and the general requirements that discovery be limited to relevant information and be proportional to the needs of the case. *See* FED. R. CIV. P. 26(b); *see also In re Abilify Prods. Liab. Litig*., 2017 U.S. Dist. LEXIS 161660, at *25-26 (N.D. Fla. Sep. 29, 2017) (denying Plaintiffs' request for discovery regarding other drugs in the same class because "information regarding other drugs is irrelevant and not proportional to the needs of the case.").

Dated: November 7, 2017

Respectfully submitted,

/s/E. James Shepherd

E. James Shepherd
Shook, Hardy & Bacon LLP
600 Travis Street, Suite 3400
Houston, TX 77072
eshepherd@shb.com

Shayna S. Cook
Goldman Ismail Tomaselli Brennan
& Baum LLP
564 W. Randolph St., Suite 400
Chicago IL 60661
scook@goldmanismail.com

Paul W. Schmidt
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018
pschmidt@cov.com

***Counsel for Defendants, Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, and Bayer Oy***

**CERTIFICATE OF SERVICE**

I certify by my signature below that a true and correct copy of the foregoing document was served by electronic mail on the following attorneys of record on this the 7th day of November, 2017:

Lawrence L. Jones II
JONES WARD PLC
1205 E. Washington Street
Suite 111
Louisville, Kentucky 40207
T: 502-882-6000
larry@jonesward.com
*Co-Lead Counsel for Plaintiffs*

Martin D. Crump
Davis & Crump, P.C.
2601 Fourteenth Street
Gulfport, MS 39501
P: 228.863.6000
martincrump@daviscrump.com
*Co-Lead Counsel for Plaintiffs*

Maxwell S. Kennerly
Kennerly Loutey, LLC
601 Walnut Street, #1150W
Philadelphia, PA 19106
P: 215-948-2718
msk@thlawyer.com
*Liaison Counsel for Plaintiffs*

*/s/E. James Shepherd*
E. James Shepherd