# EXHIBIT G

## Oct. 24, 2017
## Case Management
## Conference Transcript

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE: MIRENA IUS LEVONORGESTREL-RELATED PRODUCTS LIABILITY LITIGATION (NO. II)

17 MD 2767 (PAE)

------------------------------x

New York, N.Y.
October 24, 2017
2:30 p.m.

Before:

HON. PAUL A. ENGELMAYER
District Judge

HON. JAMES L. COTT
Magistrate Judge

APPEARANCES

JONES WARD PLC
Attorneys for Plaintiffs
BY: LAWRENCE L. JONES II
CHRISTINA T. NATALE

PULASKI LAW FIRM
Attorneys for Plaintiffs
BY: LESLIE LAMACCHIA

DAVIS & CRUMP
Attorneys for Plaintiffs
BY: MARTIN D. CRUMP

KENNERLY LOUTEY LLC
Attorneys for Plaintiffs
BY: MAX KENNERLY

APPEARANCES

GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP
Attorneys for Defendants
BY: SHAYNA S. COOK

COVINGTON & BURLING LLP
Attorneys for Defendants
BY: PAUL W. SCHMIDT

SHOOK HARDY & BACON LLP
Attorneys for Defendants
BY: JAMES SHEPHERD

* * * * *

potentially germane to the general causation. It at least pins Bayer as the knowledgeable manufacturer down as to some statical points that may turn out to have relevance and don't appear to be outside of its natural knowledge base.

MR. SCHMIDT: There is still a burden point which we would object to, which is that it does force a single witness to ensure that they have done a full review.

JUDGE ENGELMAYER: Why does it force a single witness to do that? Just as you are proposing two witnesses for PV if this gets too burdensome, you can break this up among different people.

MR. SCHMIDT: It forces a set number of witnesses to learn the dataset and be able to give final company positions on the dataset. We would still have that burden objection. It becomes less burdensome, to be sure, if you carve out some of the opinions.

JUDGE ENGELMAYER: Let me try it this way. Suppose that C, D, E, and F are all gone. They deal with other products. Suppose all the comparative parts are gone that are within A and B and we are left simply with the more factual questions that are within H. Explain to me what the burden is there. That just doesn't sound that big.

MR. SCHMIDT: Just so I have your Honor's point, P would be gone as well?

JUDGE ENGELMAYER: The notion would be that R through

F would be gone. Those are dealing with other products. I'm not receptive to that. That's not what this MDL is about. B would be simply edited to focus on Mirena. The B questions can be lightly edited to get to a locked-in focus just on Mirena. There are indeed references to LNG and/or Mirena. One could presumably narrow it down to Mirena. Assuming we get it down to the product that is at issue in the case, what is the problem?

MR. SCHMIDT: B has a distinct issue which I want to be clear about. B seems to focus on efficacy, the activities by which Mirena prevents pregnancy, inhibition of ovulation during use of Mirena. That is not what this stage of the litigation is about. This stage of the litigation is does Mirena cause IIH, not how does it work in terms of the benefits of the product, but what is its potential harm. I think B is objectionable on those grounds.

If we just focused on A, I think our position would be that they get the point that they want by a pared-down version of A1, serum levels of LNG during the use of Mirena. As we get into some of these other, thornier questions, they start approaching expert opinions.

JUDGE ENGELMAYER: Thank you.

MS. NATALE: Your Honor, might I address that?

JUDGE ENGELMAYER: No. We have plenty of other issues to take up. We have a number of issues here before me.