# EXHIBIT A

## Transcript of July 27, 2017 Case Management Conference (DN 70)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

IN RE: MIRENA IUS LEVONORGESTREL-RELATED PRODUCTS LIABILITY LITIGATION (NO. II)

17 MD 2767 (PAE)(JLC)

CONFERENCE

------------------------------x

New York, N.Y.
July 27, 2017
10:05 a.m.

Before:

HON. PAUL A. ENGELMAYER,

District Judge

HON. JAMES L. COTT,

Magistrate Judge

APPEARANCES

<u>For the Plaintiffs:</u>

JONES WARD
BY: LAWRENCE L. JONES II
CHRISTINA T. NATALE

DAVIS & CRUMP
BY: MARTIN D. CRUMP
TREVOR B. ROCKSTAD

HOOD NATIONAL LAW GROUP
BY: RICHARD J. HOOD

KENNERLY LOUTEY
BY: MAX KENNERLY

THE SNAPKA LAW FIRM
BY: KATHRYN SNAPKA

APPEARANCES (continued)

For the Defendants:

SHOOK HARDY & BACON
BY: E. JAMES SHEPHERD III

COVINGTON & BURLING
BY: PAUL W. SCHMIDT

GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM
BY: SHAYNA S. COOK

* * * * *

between the parties about the value of reply briefs. I found amusing the philosophic objection to reply briefs from plaintiffs. I took that because the premise was that that would be denying a brief to the defense. I benefit by reply briefs; I find reply briefs on matters of substance to be helpful; they join the dispute.

So I'm going to create a schedule that anticipates an opening motion by the movant, which will be the defense, moving to preclude on *Daubert* grounds the plaintiffs' experts' expert evidence. That will be due on February 23rd. The plaintiffs' responses will be due on March the 9th, and the defense reply will be due on March 23rd.

So we have eight dates then that I have set as a potential schedule. Before I commit to that, is there any objection to that schedule that results in the reply brief being submitted some 17 days before the start of the *Daubert* hearing?

MS. COOK: Your Honor, on the defense expert report date, we actually did not propose December 28th; we proposed December 18th for the plaintiff reports. Because while we expect to be miserable during many holidays, given our profession, our experts likely will not give us the week between Christmas and New Year's; and we don't expect that they would see any report until January 2nd, which would mean that while we will have and we've served 22 generic expert reports

in the litigation in the past, we will have those reports. There may be new theories, new reports for them to respond to, and they would only have a little bit more than two weeks to do so.

JUDGE ENGELMAYER: But to Judge Cott's point, none of this is new. You've combated expert reports earlier. The thrust of the arguments are probably reasonably anticipatable.

MS. COOK: Yes.

JUDGE ENGELMAYER: I expect your experts can be anticipatorily drafting even as we speak.

MS. COOK: Yes. And they will. As I said, we've already served 22 expert reports in the cases below, so they will have those. It's just that if there are new theories they must respond to, that will be hampered a little bit.

The other question that I had for you is you said on January --

JUDGE ENGELMAYER: You know, if you had been prepared to get the outgoing discovery earlier than December 8th, there would be a possibility to move that date earlier and the due date for the plaintiff expert reports. But the two have to operate in tandem and you have to be -- I think it's not reasonable to compress the 20-day period between the end of defense-side fact discovery relevant to general causation and the plaintiffs' expert report.

I'm certainly open for negotiation if you are prepared