# EXHIBIT 15

**In the Matter Of:**

IN RE: MIRENA IUS LEVONORGESTREL-RELATED PRODUCTS LIABILITY

---

**VIDEOTAPED DEPOSITION OF NANCY J. NEWMAN, M.D.**

*February 08, 2018*

---

DISCOVERY
LITIGATION SERVICES
Court Reporting • Videography • Trial Presentations

1201West Peachtree Street
Suite 2300
Atlanta, GA 30309
404.847.0999

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>MIRENA IUS<br>LEVONORGESTREL-RELATED<br>PRODUCTS LIABILITY<br>LITIGATION (NO. II),<br><br>This Document Relates to<br>All Actions, | 17-MD-2767 (PAE)<br>17-MC-2767 (PAE) |

~~~~~~~~~~~~~~~~~~~~~~~~~

VIDEOTAPED DEPOSITION OF
NANCY J. NEWMAN, M.D.

9:07 a.m.
Thursday, the 8th day of February, 2018

Suite 1600 Two Alliance Center
3560 Lenox Road, NE
Atlanta, Georgia

Blanche J. Dugas, CRR, RPR, CCR No. B-2290
~~~~~~~~~~~~~~~~~~~~~~~~~

A. I'd have to -- I'd have to see the article.

Q. To make sure that I understand prior to 2014, would it be correct to say that IUD usage in women was not something that was something that you considered on a regular basis?

MS. COOK: Object to the form.

Q. (By Ms. Snapka) In association with IIH?

A. So that's a compound sentence, but that -- that is fair.

Q. I want to make sure that it's not compound. I want to -- prior to 2014 -- 2014, you were hired by Bayer as an expert; correct?

A. That is correct.

Q. All right. Prior to 2014, IUD usage in women was not something you considered on a regular basis; correct?

A. That's fair.

Q. Did you ever consider it prior to 2014?

A. Oh, I'm sure I had, but I can't begin to tell you under what setting. But I'm sure it would have come up at some point in my career.

Q. When you did your calculations on the odds ratios for Valenzuela, did you do those in your head or did you write them down somewhere?

A. I think I did them in my head. I might

have made one of those boxes and sketched it, but I never kept it, if that's what you're asking.

Q. And the reason why I'm asking is I don't know what your calculations were. So I'm unable to --

A. I understand.

Q. It was either in your head or on something you threw away.

A. Correct.

Q. And you didn't put it in your paper.

A. In my report, no.

Q. And why didn't you put it in your report?

A. Because I didn't go into that kind of detail because it seems so self -- so self-evident. And because many of the criticisms I have could not even be included in a numerical fashion just because they -- the BMI, who knows what that would have changed.

Q. All right. Can you create that for us today, recreate it since we don't have it?

A. We'd need all the source articles with -- that I reference here with -- with the -- with the tables, all the source articles for the -- the rate of Mirena, the rate of Mirena use in the various places. I mean, we can do it if you want to pull the articles.

Q. Which articles would you need?

of about LNG IUDs and IIH?
A. No.
Q. Was there any consensus in the medical community that you're a part of before 2014 that there was any connection between LNG IUDs and IIH?
A. No.
Q. Is there any consensus today?
A. No.
Q. You were asked questions about the Valenzuela publication and the calculations. Do you recall being asked those questions and asked to supplement your report?
A. Yes.
Q. Do you include in your report your interpretations and I guess opinions about the Valenzuela publication?
A. I do.
Q. And are you relying on -- well, let me ask you this: Do the opinions about -- your opinions about Valenzuela in 2017, do they stand on their own based on what you've written in your report regardless of any calculations that you did?
A. Yes.
Q. Can you find Exhibit 16 in front of you, the Fraser publication.

DISCLOSURE

Pursuant to Article 10.B of the Rules and Regulations of the Board of Court Reporting of the Judicial Council of Georgia which states: "Each court reporter shall tender a disclosure form at the time of the taking of the deposition stating the arrangements made for the reporting services of the certified court reporter, by the certified court reporter, the court reporter's employer or the referral source for the deposition, with any party to the litigation, counsel to the parties, or other entity. Such form shall be attached to the deposition transcript," I make the following disclosure:

I am a Georgia Certified Court Reporter. I am here as a representative of Discovery Litigation Services, LLC. Discovery Litigation Services, LLC was contacted to provide court reporting services for the deposition. Discovery Litigation Services, LLC will not be taking this deposition under any contract that is prohibited by O.C.G.A. 9-11-28(c).

Discovery Litigation Services, LLC has no contract/agreement to provide reporting services with any party to the case, any counsel in the case, or any reporter or reporting agency from whom a referral might have been made to cover this deposition.

Discovery Litigation Services, LLC will charge its usual and customary rates to all parties in the case, and a financial discount will not be given to any party to this litigation.

Blanche J. Dugas
CCR No. B-2290

STATE OF GEORGIA:
COUNTY OF FULTON:

I hereby certify that the foregoing transcript was reported, as stated in the caption, and the questions and answers thereto were reduced to typewriting under my direction; that the foregoing pages represent a true, complete, and correct transcript of the evidence given upon said hearing, and I further certify that I am not of kin or counsel to the parties in the case; am not in the employ of counsel for any of said parties; nor am I in any way interested in the result of said case.

Blanche J. Dugas

BLANCHE J. DUGAS, CCR-B-2290